UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GUADALUPE LOPEZ-MONROY | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19–CV–00051 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| and CHRISTOPHER MACIOCHA | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's Opposed Motion to Remand ("Motion to Remand"). *See* Dkt. 18. This motion was referred to this Court by United States District Judge George C. Hanks, Jr. *See* Dkt. 20. After careful consideration of the Motion to Remand, the response, and applicable law, the Court **RECOMMENDS** that the Motion to Remand be **GRANTED**.

## FACTUAL ALLEGATIONS

On August 14, 2018, Plaintiff Guadalupe Lopez-Monroy ("Lopez-Monroy") originally filed this negligence and premises liability suit in the 56th Judicial District Court in Galveston County, Texas against Wal-Mart Stores Texas, LLC ("Wal-Mart") for injuries she allegedly sustained from tripping over a forklift's arms in a Wal-Mart store. Lopez-Monroy is a Texas resident; Wal-Mart is a Delaware limited liability company. The original petition sought $50,000 in damages. Following limited discovery, Lopez-Monroy

identified Wal-Mart employee Christopher Maciocha ("Maciocha") as the forklift operator. On January 8, 2019, Lopez-Monroy filed her First Amended Petition ("Amended Petition"), adding Maciocha, a Texas resident, as a defendant and seeking damages of more than $200,000 but not more than $1,000,000.

On February 7, 2019, Wal-Mart timely removed the case to the United States District Court for the Southern District of Texas (Galveston Division) on the basis of diversity jurisdiction. Wal-Mart alleges that diversity jurisdiction exists because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists among all parties because Lopez-Monroy improperly joined Maciocha.

In her Amended Petition, Lopez-Monroy alleges the following facts: On May 27, 2018, Lopez-Monroy was shopping at Wal-Mart store #504 in Galveston County. That day, Maciocha, a Wal-Mart employee, was tasked with relocating pallets in the gardening center. Maciocha used a forklift provided by Wal-Mart to relocate the pallets and parked the forklift to retrieve another pallet. As Lopez-Monroy entered the store, she tripped and fell over the forklift's arms, sustaining injuries. She contends that Maciocha parked the forklift in front of the patron ingress and egress section of the gardening center and left the forklift unattended. Lopez-Monroy asserts four separate causes of action against Wal-Mart and Maciocha: negligence, premises liability, gross negligence, and respondeat superior.

On May 17, 2019, Lopez-Monroy filed her Motion to Remand, arguing that the "Court should remand this case to Texas state court because Plaintiff Lopez-Monroy and Defendant Maciocha are both citizens of Texas who are adverse parties to each other. . . .

Thus, complete diversity under 28 U.S.C. § 1332 is destroyed and the Court no longer has subject matter jurisdiction." Dkt. 18 at 4.

## LEGAL STANDARD

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) (citation omitted).

A party may remove any civil action from state court to a federal district court that has original jurisdiction. *See* 28 U.S.C. § 1441(a). A district court may exercise removal jurisdiction over two types of cases: those that present a federal question and those in which there is diversity of citizenship. *See* 28 U.S.C. §§ 1331 & 1332. Under diversity jurisdiction, district courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Removal is only proper in such a case, however, if there is "complete diversity." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). That means "if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Id*. (citation omitted).

The improper joinder doctrine provides a narrow exception to the rule that parties must be completely diverse for federal courts to exercise subject matter jurisdiction. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). "If a party has been improperly joined, . . . the lack of complete diversity will not prevent a defendant from

3

removing a case to federal court." *Wolf v. Deutsche Bank Nat'l Tr. Co. for Am. Home Mortg. Inv. Tr. 2007-1*, 745 F. App'x 205, 207 (5th Cir. 2018). When a "plaintiff improperly joins a non-diverse defendant, . . . the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg*, 819 F.3d at 136 (collecting cases). *See also Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) ("If a party is improperly joined, a court may disregard the party's citizenship for purposes of determining subject matter jurisdiction.") (citation omitted).

To demonstrate improper joinder, the removing defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (internal quotation marks and citation omitted). Actual fraud has not been asserted here. At issue, therefore, is the second situation. "To establish improper joinder under the second prong, the defendant must demonstrate that there is no possibility of recovery against the in-state or non-diverse defendant." *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (internal quotation marks and citation omitted).

To determine whether a defendant is improperly joined under the second prong, the district "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood,* 385 F.3d at 573 (citation omitted). *See also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208

4

(5th Cir. 2016) ("Our precedent is clear: A federal court must apply the federal pleading standard" in deciding the improper joinder issue). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood,* 385 F.3d at 573. To pass muster under Rule 12(b)(6), "a plaintiff must plead enough facts to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (internal quotation marks and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In deciding whether improper joinder has been established, a district court must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff [and remand]." *Gasch*, 491 F.3d at 281 (citation omitted). The removing party bears the heavy burden of proving improper joinder. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

**ANALYSIS**

The Texas Supreme Court has explored those circumstances in which individual liability may be imposed on a corporation's employee for committing negligent acts in the course and scope of his employment. *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Although "a corporate officer or agent can be liable to others . . . for his or her own negligence[,] . . . individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty."

5

*Id.* (citations omitted). By way of example, the *Leitch* court observed that an employee "whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment." *Id.* at 117 (citations omitted). This is because an employee "owes a duty of reasonable care to the general public." *Id.* (citation omitted). Although a corporation has a duty to provide a safe workplace, an employee has no independent duty to furnish a safe workplace and cannot be held liable for a corporation's failure to do so. *See id.* In 2005, the Texas Supreme Court in *Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005) expressly extended to premises liability cases the general principle that an employee is not personally liable for his negligent acts committed within the scope of his employment unless he owed an independent duty of care.

To resolve the improper joinder issue in this case, the Court must answer one concise question: Does Maciocha, as a Wal-Mart employee, owe an independent duty apart from Wal-Mart's duty? If the answer is yes, Maciocha is potentially liable under Texas law, the improper joinder doctrine is inapplicable, and the Court must remand the case to state court. If the answer is no, Maciocha is an improperly joined defendant because Texas law could not impose liability against him, this case has been properly removed, and it should remain here in federal court.

Not surprisingly, this case does not present a novel legal issue requiring the Court to delve into uncharted territory and create a new body of law. This is far from the first time a federal court has had to determine whether a corporate employee has been improperly joined as part of a calculated effort to defeat diversity jurisdiction. Indeed,

federal courts located all across the Lone Star State have had numerous opportunities over the past few years to explore whether Wal-Mart, in particular, has properly removed cases brought against the company and its store managers, agents, and employees.

On one hand, there are a series of cases in which federal courts have applied *Leitch* and *Tri* to find improper joinder when a store manager or employee is joined with Wal-Mart or another retail giant in a premises liability case. *See, e.g., Padilla v. Wal-Mart Stores Tex., LLC*, EP-19-CV-004-KC, 2019 WL 2565260, at *3 (W.D. Tex. Apr. 9, 2019) (holding that the store manager, who had no personal involvement in creating the dangerous condition, owed no independent legal duty and was, therefore, improperly joined); *Molina v. Wal-Mart Stores, Tex., LLC*, No. SA-18-CA-1273-XR, 2019 WL 410392, at *4 (W.D. Tex. Feb. 1, 2019) (same); *Dargan v. Bridgestone Retail Operations, LLC*, No. 5:17-CV-470-DAE, 2018 WL 8546112, *3 (W.D. Tex. Mar. 13, 2018) (same); *Lowery v. Wal-Mart Stores Tex., LLC*, No. 4:17-CV-0166, 2017 WL 999259, at *4–5 (S.D. Tex. Mar. 15, 2017) (same); *Stallings v. Wal-Mart Stores, Inc.*, No. 4:16-CV-595, 2016 WL 4398681, at *2 (S.D. Tex. Aug. 18, 2016) (same); *Champion v. Wal-Mart Stores of Tex., LLC*, No. 5:16-CV-112-DAE, 2016 WL 1226942, at *4 (W.D. Tex. Mar. 24, 2016) (same); *Solis v. Wal-Mart Stores East, L.P.*, 617 F. Supp. 2d 476, 480 (S.D. Tex. 2008) (same). On the other hand, there are a number of cases in which district courts have rejected the improper joinder argument and remanded a lawsuit brought against Wal-Mart and its employees to state court for further proceedings. *See, e.g., Richardson v. Wal-Mart Stores Tex., LLC*, 192 F. Supp. 3d 719, 723–24 (S.D. Tex. 2016) (finding that an employee had been properly joined as a defendant because the lawsuit contained allegations that the

employee created the danger that resulted in plaintiff's injury); *Aguilar v. Wal-Mart Stores Tex., LLC*, No. 1:14-CV-245, 2015 WL 11023492, at * 6–8 (E.D. Tex. Jan. 6, 2015) (same); *Land v. Wal-Mart Stores of Tex., LLC*, No. SA-14-CV-009-XR, 2014 WL 585408, at *2 (W.D. Tex. Feb. 13, 2014) (same); *Gonzalez v. Wal-Mart Stores Tex., LLC*, No. 2:13-CV-65, 2013 WL 1827924, at *1–3 (S.D. Tex. April 30, 2013) (same); *Guzman v. Cordero*, 481 F. Supp. 2d 787, 790 (W.D. Tex. 2007) (same).

"On the surface it might appear from these cases that there is indeed a split among the federal district courts regarding whether Texas law creates an independent duty for store managers [and agents] in premises liability cases." *Lyle v. 24 Hour Fitness, USA, Inc.*, No. A-14-CA-300 LY, 2014 WL 5094126, at *4 (W.D. Tex. Oct. 10, 2014). That, however, is not the case. Instead, there is a "single principle" that explains the different outcomes:

> In all of the cases in which remand was granted, the courts pointed to the fact that the pleadings alleged the store manager or agent played a personal role in creating the dangerous condition at issue, whereas in those in which remand was denied none of the managers were alleged to have had any personal role in creating the danger.

*Id.* (citation omitted). *See also Land*, 2014 WL 585408, at *2 ("All of these cases [finding improper joinder] pertain to store managers who were not alleged to have played any personal role in creating the dangerous condition"). This distinction is plainly evident upon a thorough review of the case law.

In the cases cited by Wal-Mart, the federal courts have understandably been unwilling to find that a plaintiff has a reasonable basis for recovery against a store manager or employee who did not directly create the danger that led to the plaintiff's injuries. *See,*

8

*e.g., Kopczynski v. Wal-Mart Stores Tex., LP*, No. H-10-4507, 2011 WL 902237 (S.D. Tex. Mar. 14, 2011) (store greeter did not owe an independent duty to a slip-and-fall plaintiff when the employee did not create the dangerous condition that caused the injury); *Solis*, 617 F. Supp. 2d 476 (store manager with no personal involvement in creating dangerous condition owed no separate legal duty); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp.2d 828 (E.D. Tex. 2008) (same); *McKinney v. Home Depot, USA, Inc.*, No. 4:06-CV-0327-A, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006) (same); *Allen v. Home Depot U.S.A., Inc.*, No-SA-04-oCA703XR, 2004 WL 2270001 (W.D. Tex. Oct. 6, 2004) (same).

Meanwhile, federal courts are reluctant to remand those cases in which an employee directly participated in the conduct giving rise to the negligence or premises liability claim. Take a few examples. In *Land*, the plaintiff suffered personal injuries after a slip-and-fall at a Wal-Mart. *See* 2014 WL 585408, at *2. The plaintiff sued Wal-Mart and an individual employee, who allegedly negligently operated a commercial floor cleaning machine, creating a dangerously wet floor that caused the plaintiff's fall. Wal-Mart argued that the plaintiff had no reasonable basis for recovery against the employee on a premises liability theory because the employee was not the owner/occupier of the premises. The district court disagreed, concluding that "Wal-Mart has not . . . convincingly foreclosed the possibility that Plaintiff could recover against [the employee] on the basis of the fact that he created the dangerous condition." *Id.* at *4 (citation omitted).

In *Guzman*, the district court held that a Wal-Mart technician was potentially liable under Texas law for negligently inspecting a plaintiff's vehicle and tires, reasoning that the technician "was directly and personally involved in conduct that allegedly caused

9

Plaintiff's injuries because [he] actually performed the services in question." 481 F. Supp. 2d at 790. Similarly, in *Aguilar*, the district court found that a Wal-Mart technician faced potential individual liability when he allegedly negligently provided automobile and tire inspection services to a customer that resulted in a rollover accident and serious personal injuries. *See* 2015 WL 11023492 at *8. Finally, in *Richardson*, a plaintiff brought a slip-and-fall case against Wal-Mart and an employee, alleging the employee breached a duty of care when she discovered a spilled bottle of shampoo on the floor and "removed the bottle of shampoo but did not mark the area or otherwise identify the spill, leaving the spill more difficult to identify and more dangerous than before." 192 F. Supp. 3d at 721. In ordering the case remanded to state court, the district court determined that the employee could, under Texas law, be independently liable for his negligence because he "was personally involved in the conduct that allegedly contributed to [plaintiff's] injury." *Id*. at 723.

Wal-Mart argues that Lopez-Monroy has no reasonable basis to recover against Maciocha because "[i]f any liability is created by [Maciocha's] actions then the liability is solely the liability his employer [Wal-Mart] and not Macioch[a]." Dkt. 19 at 8. This assertion is an incorrect statement of Texas law. The general rule in Texas has always been that "[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984) (citation omitted). *See also Land*, 2014 WL 585408, at *3 ("There is no reason to believe that . . . employees are somehow immunized for their own torts if they were acting in the scope of their employment.") (citation omitted); *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002) ("[A] corporate agent is personally liable for his

10

own fraudulent or tortious acts") (citations omitted); *Alexander v. Kent*, 480 S.W.3d 676, 697 (Tex. App.—Fort Worth 2015, no pet.) (employees can be liable in their individual capacity for fraudulent or tortious acts committed while serving their corporation); *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 359 (Tex. App.—Hou. [1st Dist.] 2012, no pet.) ("It is a longstanding rule in Texas that a corporate agent is personally liable for his own . . . tortious acts.") (internal quotation marks and citation omitted); *Graham Land and Cattle Co. v. Indep. Bankers Bank*, 205 S.W.3d 21, 32 (Tex. App.—Corpus Christi 2006, no pet.) ("[A]n employee who commits, directs[,] or participates in a tortious act while acting within the scope of his employment is personally liable for those acts.") (citation omitted); RESTATEMENT (THIRD) OF AGENCY § 7.01 ("An agent is subject to liability to a third party harmed by the agent's tortious conduct. Unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment."). There is nothing in the *Leitch* or *Tri* opinions that remotely suggests that the Texas Supreme Court intended to alter the general rule that an employee may be held individually liable for tortious conduct in which he participates during the course of employment, provided he owed a duty of care separate from his employer's duty. *See Bell v. Wal-Mart No. 2978/Sam*, No. 4:11-CV-576-A, 2011 WL 5022815, at *3 (N.D. Tex. Oct. 18, 2011) ("The holding of *Tri*, however, did not definitively establish that in every instance employees owe no independent duty of care while acting within the scope of their employment.").

Whether a legal duty exists is a question of law for the court to decide. *See Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170, 181 (Tex. 2004). Therefore, to determine

whether Maciocha potentially owed a legal duty to Lopez-Monroy, the Court must look at substantive Texas law. Under Texas law, it is well-settled that "if a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others." *Buchanan v. Rose*, 159 S.W.2d 109, 110 (Tex. 1942). *See also Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000) ("[I]f a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby.") (citation omitted); *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi 2016, no pet.) ("[I]ndependent duties may arise when the officer or employee personally creates a dangerous situation that causes injury."). This general rule that a duty attaches to remedy the situation when someone creates a dangerous condition has been specifically extended to premises liability cases. *See City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986) ("A private person who has created [a] dangerous condition may be liable even though not in control of the premises at the time of injury.") (citation omitted).

Taking account of these legal principles, it certainly appears plausible that Lopez-Monroy could recover against Maciocha under Texas law if, in fact, Maciocha created a dangerous condition and then did nothing to remedy the situation. At a bare minimum, it is far from certain that Lopez-Monroy would be precluded from recovering monetary damages against Maciocha. To the extent there is any uncertainty whatsoever, this Court must "tip the scales in favor of remand." *Aguilar*, 2015 WL 11023492, at *8. *See also African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) ("We

12

repeat for emphasis that any contested issues of facts and any ambiguities of state law must be resolved in favor of remand.") (internal quotation marks and citation omitted). Because Wal-Mart has not met its heavy burden of demonstrating that Lopez-Monroy has no possibility of recovery, Wal-Mart's removal of this action was improper and remand is appropriate.

## CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Motion to Remand be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 23rd day of July, 2019.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE